## THOMPSON V. SCHAETZEL.

1. Under the congressional enactment admitting the State of South Dakota into the Union, the state supreme and circuit courts became, respectively, the successors of the supreme and district courts of the territory, in all cases then pending in those courts, unless the circuit and district courts of the United States might have had jurisdiction under the laws of the United States had such courts existed at the time of the commencement of the action.

2. No civil action, cause, or proceedings, in which the United States is not a party, can be transferred to the United States courts except upon written request of one of the parties, made before any active steps have been taken in the state court. When any act has been performed of a substantive character in the case in the state court, the jurisdiction therefor has become absolute and unqualified, and no transfer will be allowed. We adhere to the rule announced in the case of Wing v. Railway Co., (S. D.) 47 N. W. Rep. 530.

3. Receivers of national banks are officers of the United States, and as such may sue in the United States courts in the district in which the banks of which they are receivers are located; and may maintain the action without regard to the citizenship of the parties or the amount involved in the action. Still, the federal courts do not have exclusive original jurisdiction of all actions by or against such receivers. State courts have concurrent jurisdiction with the federal courts.

(Syllabus by the Court.   Opinion filed December 22, 1891.)

Appeal from the circuit court, Minnehaha county. Hon. FRANK R. AIKENS, Judge.

Action for conversion of personal property and damages. Defendant moves for an order removing the case to U. S. circuit court. Motion denied. Defendant appeals. Affirmed.

The facts are stated in the opinion.

*C. O. Bailey*, for appellant.

Receivers of national banks are officers of the United States, and as such may sue in the federal courts in the district in which the bank of which he is receiver is located. Frelinghuysen v. Baldwin 12 Fed. 395; McConville v. Gilmour 36 Fed. 277; Armstrong v. Ettesohn, 36 Fed. 209; Price v. Abbott, 17 Fed. 506; Bank v. Bank, 14 Wallace 383; Kennedy v. Gibson 8 Wallace, 498. The U. S. circuit courts have original jurisdiction of all suits at common law where the U. S. or

any officer thereof suing under the authority of any act of congress are plaintiffs. § 629, U. S. Rev. Stat.; Price v. Abbott, 17 Fed. Rep. 506; Platt v. Beach, 2 Benedict, 303; Stanton v. Wilkeson, 8 Benedict, 357; Armstrong v. Ettesohn, 36 Fed. Rep. 209; McConville v. Gilmour, 36 Fed. Rep. 277. This jurisdiction is exclusive and brings this case out of the rule of Wing v. Railroad, 1 S. D. 455.

The provisions of § 629, U. S. Rev. Stat., were not repealed by the act of March 3d, 1875, in regard to the removal of causes from state to federal courts. Bank v. Harrison, 8 Fed. Rep. 721; Price v. Abbott, 17 Fed. Rep. 506; U. S. v. Mooney, 1 Fed. Rep. 476.

*McMartin & Carland*, for respondent.

Appellant elected his jurisdiction by obtaining leave to file an amended answer and to have the case continued. Wing v. Railroad, 1 S. D. 455, 47 N. W. 530. While the federal courts have jurisdiction of suits brought by receivers of national banks, that jurisdiction is not exclusive, simply concurrent.

BENNETT, J. This is is an appeal from an order of the circuit court of Minnehaha county, denying a written request to have the action transferred and proceeded with in the United States circuit court for the district of South Dakota. The above entitled action was commenced in June, 1886, before the territorial district court. The complaint alleges—and it is not denied—that the plaintiff was duly appointed receiver of the First National Bank of Sioux Falls, Dak., and it was shown that he brings this action as such receiver for the conversion of personal property, and claims damages at $25,000. The cause was tried in the district court of the territory; judgment rendered in favor of plaintiff; an appeal was taken to the supreme court of the territory; and judgment reversed, and case remanded for a new trial, June 3, 1889. November 2, 1889, the south half of the Territory of Dakota was admitted as the State of South Dakota, in which the county of Minnehaha is situated. Under the provisions of the bill admitting the state, the state supreme and circuit courts became respectively, the successors of the supreme and district courts of the territory, in all cases

then pending in said courts, unless the circuit and district courts of the United States might have had jurisdiction under the laws of the United States had such courts existed at the time of the commencment of the action. November 2, 1889, the cause was pending in the state circuit court. In June, 1890, appellant filed, by leave of court, a second amended answer. On December 2, 1890, appellant moved to transfer the action to the United States circuit court for the district of South Dakota, in accordance with the provisions of the congressional enactment admitting the state.

The above statement of facts shows that the appellant, after the circuit court of the state had acquired jurisdiction of the cause, filed a second amended answer to the complaint, about six months before the written request to remove the cause to the United States court was made. By this act he submitted himself to the jurisdiction of the state court, and under the rule announced in the case of Wing v. Railway Co. 1 S. D. 455, the motion to remove came too late. The reasons and authorities upon which the rule is based were fully considered at the time the above opinion was rendered, and need no further elaboration at this time.

Appellant, however, insists that the case at bar does not come within the rule laid down in that case, but that it is an action coming within the exclusive jurisdiction of the federal character of the action arises from the fact that, under the decision of the federal courts, a receiver of a national bank is held to be an officer of the United States, and as such may sue in the United States courts in the district in which the bank of which he is receiver is located, and maintain the action without regard to the citizenship of the parties or the amount involved in the in the suit. Price v. Abbott, 17 Fed. Rep. 506; Kennedy v. Gibson, 8 Wall. 498; Bank v. Kennedy, 17 Wall. 19. Clause 3, § 629, Rev. St. U. S., defining the jurisdiction of the circuit courts of the United States, gives the circuit court jurisdiction of all suits at common law when the United States, or any officer thereof, serving under authority of any act of congress, is plaintiff. The plaintiff in this case is the receiver of a na-

tional bank in process of liquidation. He received his appointment under the national banking laws, from the comptroller of the currency, and is acting under such authority, and is an officer of the United States who could in the first instance have brought this action in the federal circuit court, had one existed in the district where the bank of which he is receiver is located. Still, can it be maintained, because the federal courts have jurisdiction to try and determine the action, that they have thereby the exclusive original jurisdiction of it? The laws of congress have specified the cases and proceedings in which the federal courts have exclusive jurisdiction. Section 711, Rev. St. U. S., provides as follows: ''The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned shall be exclusive of the courts of the several states: (1) Of all crimes and offenses cognizable under the authority of the United States; (2) of all suits for penalties and forfeitures incurred under the laws of the United States; (3) of all civil causes of admiralty and maratime jurisdiction; (4) of all seizures under the laws of the United States; (5) of all cases arising under the patent-right or copy-right laws of the United States; (6) of all matters and proceedings in bankruptcy; (7) of all controversies of a civil nature where a state is a party, except between a state and its citizens, or between a state and citizens of other states or aliens.'' This case does not come within either of these special ones. Congress having specifically stated the causes in which the federal courts have exclusive jurisdiction, it would naturally follow that in all others in which they may have jurisdiction it is concurrent with the courts of the state. Section 1, Chapter 373, 24 St. U. S., provides: ''The circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter exceeds, exclusive of costs, the sum or value of $2,000, and arising under the constitution and laws of the United States,'' etc. See St. March 3, 1887, and St. Aug. 1888; Chapter 7, p. 94, Gould & T. Notes on Rev. St. U. S. (25 St. at Large, 434.) It will be seen, therefore, that concurrent juris-

diction is conferred upon state and federal courts in the class of cases to which the one under consideration belongs, when the amount involved exceeds in value the sum of $2,000. The case having come into the state court by legal succession, and appellant having invoked the power of that court by unquestioned substantive acts relating to the merits of the case before requesting a transfer to the federal court, thereby submitting to the jurisdiction of the state court, the right of transfer is forfeited. No error has been committed in overruling the motion. The order denying the request to have the cause removed is affirmed. All the judges concurring.